RECEIPT NUMBER
37188

ORIGINAL

16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINE MORRIS, a minor, by his
father and Next Friend, ENIS MORRIS,

          Plaintiffs,

vs.

CITY OF DETROIT, a Municipal Corporation,
POLICE CHIEF JERRY OLIVER, in his official
and individual capacity, DETROIT POLICE
OFFICER DERRYCK THOMAS, INVESTIGATOR
ANDREW SIMS and OFFICER JOHN DOE,

          Defendants.

JUDGE : Cleland, Robert H.
DECK : S. Division Civil Deck
DATE : 09/03/2004 @ 12:14:05
CASE NUMBER : 2:04CV73442
CMP ANTOINE MORRIS V DETROIT ET
AL (DQH)

MAGISTRATE JUDGE R. STEVEN WHALEN

'04 SEP -3 PM 2:21 FILED

_____/

BRIAN A. KUTINSKY (P39107)
Attorney for Plaintiff
25505 W. Twelve Mile Road, Suite 1000
Southfield, Michigan 48034
(248) 353-5595
_____/

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES, the Plaintiff herein, ANTOINE MORRIS, a minor, by his father and Next Friend, ENIS MORRIS, by and through their attorneys, MINDELL, MALIN & KUTINSKY and for his Complaint against the Defendants, state as follows:

### FACTUAL ALLEGATIONS

1.    That the Plaintiff, ANTOINE MORRIS, is a minor and that his father, ENIS MORRIS, is the duly appointed Next Friend, and that all times relevant herein, Plaintiffs were residents of the City of Detroit, County of Wayne, State of Michigan.

2.    That the Defendant, CITY OF DETROIT, is a municipal corporation responsible for the overall administration and operation of the City of Detroit Police Department.

3. That at the time of this incident, the Defendant, JERRY OLIVER, was the Chief of Police for the City of Detroit Police Department and is a resident of the City of Detroit, County of Wayne, State of Michigan.

4. That the Defendant, INVESTIGATOR ANDREW SIMS, is and has been at all times pertinent hereto, a City of Detroit Police Officer, and is a resident of the City of Detroit, County of Wayne, State of Michigan.

5. That the Defendant, OFFICER DERRYCK THOMAS, is and has been at all times pertinent hereto, a City of Detroit Police Officer, and a resident of the City of Detroit, County of Wayne, State of Michigan.

6. That the Defendant, OFFICER JOHN DOE, is a City of Detroit Police Officer and is believed to be a resident of the City of Detroit, County of Wayne, State of Michigan.

7. That all acts complained herein occurred in the City of Detroit, County of Wayne, State of Michigan.

8. That jurisdiction exists in this Court as premised upon allegations and violations of the United States Constitution, 42 USC § 1983.

9. That on or about January 25, 2002, Janet Williams was brutally murdered in her home on Wayburn Street in Detroit.

10. That at the time of the murder, Janet Williams' son, Plaintiff, Antoine Morris, was at home sleep.

11. That Defendants, OFFICERS DERRYCK THOMAS and JOHN DOE took part in the murder investigation.

2

12. That through the course of investigation, it was learned that Janet Williams' ex-husband who lived next door had placed cameras on Janet Williams' home.

13. That during the course of the investigation information led to a number of suspects.

14. That Defendant Police Officers focused their investigation on Ms. Williams' son, Plaintiff, Antoine Morris.

15. That at the time of the murder, Antoine Morris was a minor of 12 years of age.

16. That Defendant Police Officers requested that Antoine's father, Enis Morris, bring Antoine to police headquarters for questioning.

17. That when Antoine Morris went down to the police headquarters, he was interrogated by Defendants outside the presence of his father or other adult representative in direction violation of Detroit Police policy.

18. That the Defendant Police Officers subsequently obtained a statement from the minor, Antoine Morris, wherein Antoine Morris implicated both himself and another individual, Vidale McDowell, in the murder of Janet Williams.

19. That neither Antoine Morris nor Vidale McDowell had any role in the murder of Janet Williams.

20. That each of the Defendants used coercive and/or tortuous tactics in obtaining the confession of Antoine Morris.

21. That each of the statements attributable to Antoine Morris, alleged facts and information which was not provided by Antoine Morris but rather which was provided by the Defendant Detroit Police Officers who took the statements.

3

22. That in preparing the statement attributable to Plaintiff, Antoine Morris, each of the Defendants provided false information attributed to Antoine Morris which he did not provide to them and which the Defendant officers knew or should have known was not attributable to Antoine Morris.

23. That based on the false information and coerced statements taken from Plaintiff, Antoine Morris, Antoine Morris was arrested and charged with murder in the first degree.

24. That based on the coerced confession obtained by Defendants from Plaintiff, Antoine Morris, Antoine Morris was prosecuted for the murder of his mother, Janet Williams.

25. That based on the coerced statements obtained by Defendants from Plaintiff, Antoine Morris, Antoine Morris was incarcerated and held against his will.

26. That at all times pertinent hereto, the Defendants, CITY OF DETROIT POLICE OFFICERS ANDREW SIMS, DERRYCK THOMAS and JOHN DOE were employed by the City of Detroit and were acting in their official capacities as police officers.

27. That Defendant, POLICE CHIEF JERRY OLIVER, was responsible for the training, hiring and discipline of said police officers.

28. That the arrest, prosecution and incarceration of the Plaintiff, ANTOINE MORRIS, was a direct and proximate result of the inaccurate, false and coerced statements provided by the CITY OF DETROIT POLICE OFFICERS ANDREW SIMS, DERRICK THOMAS and JOHN DOE.

29. That the conduct of the CITY OF DETROIT POLICE OFFICERS ANDREW SIMS, DERRYCK THOMAS and JOHN DOE in obtaining coerced and false

4

statements is so shocking to the conscience as to violate the due process clause of the United States Constitution.

30. That the Defendants, CITY OF DETROIT and CHIEF JERRY OLIVER, were responsible for hiring, training, supervision and conduct of their employees and/or agents including police officers especially for the actions or inactions of the Defendants, CITY OF DETROIT POLICE OFFICERS ANDREW SIMS, DERRYCK THOMAS and JOHN DOE.

31. That at all times pertinent hereto, the Defendants, CITY OF DETROIT POLICE OFFICERS ANDREW SIMS, DERRYCK THOMAS and JOHN DOE were acting within the scope and course of their employment as agents, servants, and/or employees with the City of Detroit.

32. That at all times pertinent hereto, the Defendants, CITY OF DETROIT POLICE OFFICERS ANDREW SIMS, DERRYCK THOMAS and JOHN DOE were acting the color of state law when they unlawfully and without probable cause or justification or exigent circumstances, caused Plaintiff, ANTOINE MORRIS, to be arrested, incarcerated and prosecuted for a crime he did not commit.

## CLAIMS AGAINST DEFENDANT POLICE OFFICERS

## COUNT I – FALSE ARREST / FALSE IMPRISONMENT

33. That Plaintiff hereby incorporates by reference paragraphs one through thirty-two in their entirety as if repeated paragraph by paragraph.

34. That as a direct and proximate result of the inaccurate, coerced and false statements taken by the Defendants, CITY OF DETROIT POLICE OFFICERS ANDREW SIMS, DERRYCK THOMAS and JOHN DOE, Plaintiff, ANTOINE MORRIS, was arrested, incarcerated and prosecuted for a murder which he did not commit.

5

35. That the Plaintiff, ANTOINE MORRIS, was arrested based upon the false, inaccurate and coerced statements obtained by Defendants, CITY OF DETROIT POLICE OFFICERS ANDREW SIMS, DERRYCK THOMAS and JOHN DOE from Antoine Morris and, therefore, there was no probable cause for Plaintiff, ANTOINE MORRIS, to be arrested and/or incarcerated.

36. That as a proximate result of the foregoing actions and/or inactions of Defendants, CITY OF DETROIT POLICE OFFICERS ANDREW SIMS, DERRYCK THOMAS and JOHN DOE, Plaintiff was deprived of his liberty and subjected to insult and abuse at the time of his arrest and subsequent incarceration and in addition, suffered mental and physical anguish, anxiety, humiliation, embarrassment, all to his great disadvantage.

37. That at all time pertinent hereto, Defendants, CITY OF DETROIT POLICE OFFICERS ANDREW SIMS, DERRYCK THOMAS and JOHN DOE were acting in bad faith and that said actions were done maliciously wantonly and intentionally. Therefore, Plaintiff is entitled to exemplary and/or punitive damages.

## COUNT II – GROSS NEGLIGENCE

38. Plaintiffs hereby incorporate by reference paragraphs one through thirty-seven in their entirety as if repeated paragraph by paragraph.

39. That the Defendants, CITY OF DETROIT POLICE OFFICERS ANDREW SIMS, DERRYCK THOMAS and JOHN DOE were grossly negligent in failing to provide an adult representative to represent Antoine Morris or to take other measures to insure that the statement given by Antoine Morris was accurate and true given the fact that the Defendants knew that Antoine Morris was a minor.

6

40. That the Defendants, CITY OF DETROIT POLICE OFFICERS ANDREW SIMS, DERRYCK THOMAS and JOHN DOE, were grossly negligent in failing to properly advise Antoine Morris of his constitutional rights when they knew or in the exercise of reasonable care, should have known that Antoine Morris did not comprehend his constitutional rights and could not have effectively waived those rights.

41. That the Defendants, CITY OF DETROIT POLICE OFFICERS ANDREW SIMS, DERRYCK THOMAS and JOHN DOE were grossly negligent in obtaining incriminating statements from Antoine Morris when they knew that said statements were inaccurate, false and coerced, and as a direct result of the grossly negligent acts of the Defendants, ANTOINE MORRIS was caused to be arrested, incarcerated and prosecuted..

42. That the Defendants CITY OF DETROIT POLICE OFFICERS ANDREW SIMS, DERRYCK THOMAS and JOHN DOE intentionally, or with complete disregard for the truth, manufactured facts which they knew to be false in order to obtain a false confession from Antoine Morris which ultimately led to the arrest, conviction and incarceration of Plaintiff, ANTOINE MORRIS.

43. That as a direct and proximate result of the grossly negligent acts of Defendants, CITY OF DETROIT POLICE OFFICERS ANDREW SIMS, DERRYCK THOMAS and JOHN DOE, Plaintiff, ANTOINE MORRIS, did suffer and will continue to suffer humiliation and embarrassment as well as extreme mental and emotional anguish and damage to his reputation.

44. That Defendants, CITY OF DETROIT POLICE OFFICERS ANDREW SIMS, DERRYCK THOMAS and JOHN DOE acted maliciously, wantonly and

MINDELL, MALIN & KUTINSKY
Attorneys & Counselors
25505 WEST TWELVE MILE RD., SUITE 1000
SOUTHFIELD, MI 48034-1811
(248) 353-5595

intentionally and therefore, Plaintiff, ANTOINE MORRIS, is entitled to exemplary and/or punitive damages.

## COUNT III - DEFAMATION

45. That Plaintiff hereby incorporates by reference paragraphs one through forty-four as if repeated paragraph by paragraph.

46. That the Defendants, CITY OF DETROIT POLICE OFFICERS, ANDREW SIMS, DERRYCK THOMAS, JOHN DOE and CHIEF JERRY OLIVER, made statements which they knew or should have known were false and defamatory concerning Plaintiff, ANTOINE MORRIS.

47. That the Defendants, CITY OF DETROIT POLICE OFFICERS, ANDREW SIMS, DERRYCK THOMAS, JOHN DOE and CHIEF JERRY OLIVER published statements to persons within the police department and to the public at large which they knew or should have known were false and defamatory concerning Plaintiff, ANTOINE MORRIS.

48. That as a direct and proximate result of the actions of Defendants, CITY OF DETROIT POLICE OFFICERS, ANDREW SIMS, DERRYCK THOMAS, JOHN DOE, and CHIEF JERRY OLIVER, Plaintiff did suffer and will continue to suffer from humiliation and embarrassment as well as extreme mental and emotional anguish and damage to his reputation.

49. That the Defendants, CITY OF DETROIT POLICE OFFICERS, ANDREW SIMS, DERRYCK THOMAS, JOHN DOE and CHIEF JERRY OLIVER, acted maliciously, wantonly and intentionally and therefore, Plaintiff is entitled to exemplary and/or punitive damages.

MINDELL, MALIN & KUTINSKY
Attorneys & Counselors
25505 WEST TWELVE MILE RD., SUITE 1000
SOUTHFIELD, MI 48034-1811
(248) 353-5595

### COUNT IV
### CONSTITUTIONAL VIOLATIONS UNDER
### 42 USC § 1983 AND STATE LAW AS TO
### DEFENDANT POLICE OFFICERS

50. That Plaintiffs hereby incorporate by reference paragraphs one through forty-nine in their entirety as repeated paragraph by paragraph.

51. That 42 USC § 1983 provides for civil liability for deprivation under color of state law or any right, privilege or immunity derived from the United States Constitution, or US laws.

52. That all of the above Defendants were acting under color of state law.

53. That all of the above Defendants were acting in their official and/or individual capacities.

54. That at all times pertinent hereto, the Defendants, CITY OF DETROIT POLICE OFFICERS, ANDREW SIMS, DERRYCK THOMAS, JOHN DOE and CHIEF JERRY OLIVER, did act individually and jointly, separately and in concert, in an unlawful, malicious and willful manner with deliberate indifference and gross negligence and under the color of State and Federal laws when they imprisoned, incarcerated and defamed Plaintiffs.

55. That as a result actions/inactions of the Defendants, CITY OF DETROIT POLICE OFFICERS, ANDREW SIMS, DERRYCK THOMAS, JOHN DOE and CHIEF JERRY OLIVER, Plaintiff was deprived of his constitutional rights and privileges and immunities secured by the Michigan Constitution as well as the Constitution of the United States, specifically 42 USC §1983 including but not limited to the following:

    a.    The right to be free from illegal seizures of objects, persons or property as guaranteed by the Constitution of the United States of America, Amendment No. 4;

b. The right to be free from invasion of privacy as guaranteed by the Constitution of America, Amendments No. 1, 4 and 14;

c. Plaintiffs' right to be free from lost liberty without due process of law as guaranteed by the Constitution of the United States of America, Amendments No. 5 and 14;

d. Plaintiffs' right to equal protection under the law guaranteed by the Constitution of the United States of America, Amendments No. 5 and 14;

56. That the Defendants, CITY OF DETROIT POLICE OFFICERS, ANDREW SIMS, DERRYCK THOMAS, JOHN DOE and CHIEF JERRY OLIVER, did violate each and every one of the constitutional amendments as therefore mentioned and furthermore, said violations were a result of gross negligence and deliberate indifference and as a result, thereof, Plaintiff did suffer and will continue to suffer from humiliation, embarrassment as well as extreme mental and emotional anguish and damage to his reputation.

57. That Plaintiff is entitled to exemplary and punitive damages.

**COUNT V**
**CONSTITUTIONAL VIOLATIONS UNDER**
**42 USC § 1983 AS TO DEFENDANT, CITY OF DETROIT**

58. That Plaintiff hereby incorporates by reference paragraphs one through fifty-seven in their entirety as repeated paragraph by paragraph.

59. That the Defendant, CITY OF DETROIT, breached its duties by the following grossly negligent acts and/or omissions which include but are not limited to the following:

a. Failure of the City to maintain a proper policy, practice or procedure with regard to interviewing, arresting and interrogating criminal suspects or witnesses who suffer from mental disabilities;

b. That Defendant, CITY OF DETROIT, did fail to properly train the Defendant Police Officers, in the proper method of inquiring and determining the existence of probable cause and/or obtaining an arrest warrant when Defendants knew or should have known in the exercise of reasonable care or should have known that failure to train a police officer would subject Plaintiffs or others similarly situated to unreasonable seizures and deprivation of liberty without probable cause and due process of law, contrary to the Fourth and Fourteenth Amendment of the United States Constitution.

c. That Defendant, CITY OF DETROIT, failed to properly test the Defendant Police Officers' ability to comprehend and follow the interrogation policies of the police department when it knew, or with the exercise of reasonable care should have known that its failure to test Defendant police officers would subject Plaintiffs or others similarly situated to unreasonable seizures and deprivation of liberty without probable cause and without due process of law, contrary to the Fourth and Fourteenth Amendment of the United States Constitution or the Constitution of the State of Michigan.

d. That Defendant, CITY OF DETROIT, did acquiesce, in the behavior of the Defendant Police Officers when it knew or should have known in the exercise of reasonable care, that the Defendant Police Officers were acting in bad faith and without probable cause.

e. That Defendant, CITY OF DETROIT, failed to enforce the appropriate policies outlined in the Detroit Police Manual and that by failing to enforce said policies, the City of Detroit should have known, through the exercise of reasonable care that the Defendant Police Officers, acted improperly.

f. That Defendant, CITY OF DETROIT, did have policies and procedures set out as guidelines for discipline for officers who failed to adhere to the policy and procedures outlined by the City of Detroit and that the City of Detroit, in failing to implement the disciplinary procedures were responsible for clothed officers with authority while, in fact, the Defendant Police Officers, should have been deprived of such responsibility in failing to provide the Defendant Police Officers of that responsibility, the City of Detroit knew or should have known through the exercise of reasonable care that the officer would be committing constitutional violations upon Plaintiffs, including violating Plaintiffs' Fourth, Fifth and Fourteenth Amendment Rights, causing unjustifiable seizures to take place which resulted in Plaintiffs being deprived of

11

their civil rights to be free from unreasonable seizures to take place which resulted in Plaintiffs being deprived of their civil rights to be free from unreasonable seizures and to be free from being deprived of the right to liberty and freedom guaranteed by the Fourth and Fourteenth Amendment of the United States Constitution, all of which constitutes deliberate indifference.

60. That as a direct and proximate result of the actions/inactions of the Defendant, CITY OF DETROIT, the Plaintiff did sustain injuries including assault and abuse at the time of the arrest and subsequent incarceration and in addition suffered mental and physical anguish, anxiety, humiliation and embarrassment as well as damage to his reputation all to his disadvantage.

## COUNT VI
## CONSTITUTIONAL VIOLATIONS UNDER 42 USC § 1983
## AS TO DEFENDANT, CHIEF JERRY OLIVER

61. That Plaintiff hereby incorporates by reference paragraphs one through sixty in their entirety as repeated paragraph by paragraph.

62. That Defendant, CHIEF JERRY OLIVER, permitted Defendant Police Officers under his supervision and control to violate the Constitutional Rights of Plaintiff, ANTOINE MORRIS, as set forth above.

63. That Defendant, CHIEF JERRY OLIVER, in his policy making position has adopted, promulgated or ratified a custom, policy or practice which violated Plaintiff's Constitutional Rights.

64. That Defendant, CHIEF JERRY OLIVER, had the authority to adopt, promulgate or ratify such a custom, policy or practice.

65. That adopted promulgated, or ratified custom, policy or practice, whether express or implied permitted Defendant Police Officers to violate Plaintiff's Constitutional Rights.

12

66. That despite Defendant, CHIEF JERRY OLIVER'S knowledge of the above custom, policy or practice, CHIEF JERRY OLIVER did not act to end the violations, through adoption, promulgation, or ratification of contrary customs, policy or practice, effective supervision of implementing Officials and Officers, enforcement of contrary custom, policy or practice or by any other means.

67. That Defendant, CHIEF JERRY OLIVER, did not train, discipline, train or monitor the Defendant Police Officers to prevent the violations of Plaintiff's Constitutional Rights.

68. That Defendant, CHIEF JERRY OLIVER, demonstrated intentional reckless and willful disregard for Plaintiff's Constitutional Rights.

69. That as a proximate result of Defendant, CHIEF JERRY OLIVER'S Constitutional Violations, Plaintiff suffered injuries and damages as set forth above.

WHEREFORE Plaintiff prays that this Court enter judgment in his favor against each of the Defendants in excess of One Million ($1,000,000) Dollars.

Respectfully submitted,

MINDELL, MALIN & KUTINSKY

BY: _____
BRIAN A. KUTINSKY (P39107)
Attorney for Plaintiffs
25505 W. 12 Mile Road, Suite 1000
Southfield, Michigan 48034
(248) 353-5595

## JURY DEMAND

NOW COMES, the Plaintiffs, herein, ANTOINE MORRIS, a minor, by his father and Next Friend, ENIS MORRIS, by and through his attorneys, MINDELL, MALIN & KUTINSKY and hereby demands a trial by jury in the instant cause, said jury fee having been paid.

Respectfully submitted,

MINDELL, MALIN & KUTINSKY

BY: _____
BRIAN A. KUTINSKY (P39107)
Attorney for Plaintiffs
25505 W. 12 Mile Road, Suite 1000
Southfield, Michigan 48034
(248) 353-5595

14

# CIVIL COVER SHEET

JS 44 (Rev. 07/89)

**COUNTY IN WHICH ACTION AROSE** ___WAYNE___

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**04-73442**

## I. (a) PLAINTIFFS
ANTOINE MORRIS, A MINOR, BY HIS FATHER AND NEXT FRIEND, ENIS MORRIS

## DEFENDANTS
CITY OF DETROIT, POLICE CHIEF JERRY OLIVER, DETROIT POLICE OFFICERS, DERRYCK THOMAS, INVESTIGATOR ANDREW SIMS AND JOHN DOE

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** ___Wayne___
(EXCEPT IN U.S. PLAINTIFF CASES)

26163

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** ___Wayne___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
BRIAN A. KUTINSKY P39107)
25505 W. 12 Mile, Suite 1000
Southfield, Michigan 48034
(248) 355-2875

**ATTORNEYS (IF KNOWN)**
ROBERT H. CLELAND
MAGISTRATE JUDGE R. STEVEN WHALEN

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☒4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION
24 U.S.C. Sec. 1983 cause

POSSIBLE COMPANION CASE

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

**CIVIL RIGHTS:** ☒ 440 Other Civil Rights

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)
☒ 1 Original Proceeding

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
JUDGE Bernard Friedman   DOCKET NUMBER 03-VC-75140-DT

DATE 9-2-04

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

PURSUANT TO LOCAL RULE 83.11

1.     Is this a case that has been previously dismissed?      ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)      ☒ Yes

   If yes, give the following information:

   Court: US District Court - Eastern District

   Case No.: 03-CV-75140 D7

   Judge: Bernard A. Friedman

   Notes: