UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A.M.,

    Plaintiff,

vs.

CITY OF DETROIT, et al.,

    Defendants.
_____/

Civil Action No.
04-CV-73442

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS/SUMMARY JUDGMENT BASED ON *HECK V. HUMPHREY***

This matter is presently before the Court on Defendants' Motion for Leave to File Late Summary Judgment Motion.[1] On January 9, 2006, the Court granted Defendants' Motion for Leave to File Late Summary Judgment Motion. In addition, the Court explained that the motion presents the question of whether Plaintiff's claim is barred by the decision in Heck v. Humphrey, 512 U.S. 477 (1994). Therefore, the Court ordered that it would hear oral argument that was "limited solely to the Heck issue." (Order, Jan. 9, 2006.) The Court has now decided to rule on the Heck issue without oral argument, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2).

**I.    HISTORY OF THE CASE**

A.M. ("Plaintiff")[2] brings a 42 U.S.C. § 1983 claim against the City of Detroit and

---

[1] It should be noted that Defendants attached their "Brief in Support of Motion to Dismiss Plaintiff's Claims" to their "Motion for Leave to File Late Summary Judgment Motion." As Plaintiff's Responses address both motions, the Court shall treat the Defendants' filing as such.

[2] Plaintiff's full name is not provided because he is a minor. (Pl.'s Compl. ¶ 14.)

several of its police officers. In his Complaint, Plaintiff alleges that he was prosecuted for the murder of his mother after several Detroit police officers interrogated him "outside the presence of his father or other adult representative" and inappropriately "obtained a [self-incriminating] statement from [Plaintiff]." (Pl.'s Compl. ¶¶ 17-18.) Plaintiff alleges that the self-incriminating statement resulted from psychological police coercion and was based on "false information" that was generated by the officers. (Id. at ¶¶ 22-23.)

Plaintiff explains that because of his false confession, he eventually entered a nolo contendere plea in state court to having been an "accessory after the fact" in the murder of his mother. (Pl.'s Resp. to Def.'s Mot. for Leave to File Late Summ. J. Mot. ¶ 5; Def.'s Mot. for Leave to File Late Summ. J. Mot. ¶¶ 4-5.) Plaintiff states that he was incarcerated for a period of time before entering his plea, but he was allowed to "go home" upon entering his plea. (Pl.'s Resp., 2.)[3]

At this time, the conviction still stands. As Defendants explain, "the conviction has neither been reversed, set aside, nor expunged." (Def.'s Mot. for Leave to File Late Summ. J. Mot. ¶ 6.) Plaintiff adds, though, that he "is currently seeking to have the nolo contendre [sic] plea set aside." (Pl.'s Resp. ¶ 6.)

## II.   DEFENDANTS' MOTION TO DISMISS BASED ON *HECK V. HUMPHREY*

In their Motion to Dismiss, Defendants assert that because of Heck, "Plaintiff's claims

---

[3]Plaintiff provides inconsistent assertions of how long he was actually incarcerated. In the same filing, Plaintiff states that he was in prison for a period of "six months" and "sixteen months." (Pl.'s Resp. to Def.'s Mot. for Leave to File Late Summ. J. Mot. ¶ 4; Pl.'s Br. in Resp. to Def.'s Mot., 2.)

are barred by his nolo plea and the unchallenged conviction that resulted." (Def.'s Br. Supp. Mot. to Dismiss, 2.) On the other hand, Plaintiff argues that Heck is inapplicable here because the "Plaintiff's plea of nolo contrendre [sic] was not for the crime to which the Plaintiff confessed, but rather [to] a completely separate crime of accessory after the fact." (Pl.'s Br. Supp. Resp. to Def.'s Mot. to Dismiss, 4.) The Court agrees with Defendants and finds that the Heck case serves as a bar to Plaintiff's Section 1983 claims.

In Heck, a state prisoner brought a Section 1983 claim to challenge the "conduct of state officials who, the prisoner claimed, had unconstitutionally caused his conviction by improperly investigating his crime." Wilkinson v. Dotson, 125 S. Ct. 1242, 1247 (2005). The Heck Court clearly explained its decision to dismiss the plaintiff's Section 1983 claim:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck, 512 U.S. at 486-87 (footnotes omitted). The Supreme Court further explained its holding as resting on the "'principle that civil tort actions are not appropriate vehicles for challenging the

validity of outstanding criminal judgments.'" Wilkinson, 125 S. Ct. at 1246 (quoting Heck, 512 U.S. at 486). The Supreme Court continued "that where 'establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction," a § 1983 action will not lie 'unless . . . the conviction or sentence has already been invalidated.'" Id. at 1247 (quoting Heck, 512 U.S. at 481-82, 487) (citations omitted).

The United States Supreme Court seems to have been concerned that a plaintiff will use a Section 1983 action as a means to gain a speedier release from prison, rather than merely for the monetary damages sought by a Section 1983 claim. As the Sixth Circuit explained, "a finding of a constitutional violation in a civil suit could be given preclusive effect in a later habeas corpus proceeding, [so] prisoners could use § 1983 as an 'end run' around the carefully-crafted exhaustion requirements of habeas." Schilling v. White, 58 F.3d 1081, 1083 (6th Cir. 1995). The Sixth Circuit also explained that "[i]f civil claims were allowed while criminal cases were pending, 'there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit.'" Wolfe v. Perry, 412 F.3d 707, 714 (6th Cir. 2005) (quoting Smith v. Holtz, 87 F.3d 108, 113 (3rd Cir. 1996)).

While the Supreme Court may have been concerned about state prisoners using Section 1983 as a means to more quickly get out of prison, the Sixth Circuit has interpreted Heck's holding to not be solely limited to plaintiffs who are currently in prison. The Sixth Circuit has stated: "In fact, Heck applies as much to prisoners in custody (a habeas prerequisite) as to persons no longer incarcerated." Schilling, 58 F.3d at 1086. The Sixth Circuit explains that in Heck, the Supreme Court did not merely rest its analysis on preserving habeas corpus as the

4

remedy to obtain a release from prison, but that it also "examined the common law of tort liability and concluded that proof of the illegality of a conviction is a necessary element of the § 1983 cause of action." Id. The Sixth Circuit continued, observing that "[u]nless that conviction has been reversed, there has been no injury of constitutional proportions, and thus no § 1983 suit may exist." Id. Thus, the Heck case as a bar to any Section 1983 case that implicates the validity of a conviction, when that conviction has not been successfully challenged.

Here, Plaintiff's conviction has not been reversed, set aside or expunged. In fact, Plaintiff states nowhere in his pleadings that he has successfully challenged his conviction. Plaintiff only gives one hint of such an effort to do so, when he states that he "is currently seeking to have the nolo contendre [sic] plea set aside." (Pl.'s Resp. ¶ 6.) Although Plaintiff does not provide further details about this effort, his statement serves to inform the Court that Plaintiff has not yet successfully challenged his conviction. As previously explained, Heck stands for the principle that a plaintiff "cannot use § 1983 to obtain damages where success *would necessarily* imply the unlawfulness of a (not previously invalidated) conviction or sentence." Wilkinson, 125 S.Ct. at 1248. Here, Plaintiff's conviction has not been previously invalidated.

Further, the Plaintiff seems to be using his Section 1983 action as a stepping stone to challenge his conviction. Plaintiff claims that he was "pressured" into entering his plea to the conviction because of the "constitutional, intentional and grossly negligent acts of Defendants" and his "false confession." (Pl.'s Resp. ¶¶ 4-5.) He states that "his claims from the incident are allowing his conviction." (Id. at ¶ 6.) His Section 1983 claim surely seems to be a challenge to

the conviction itself, as it follows that a successful Section 1983 action would implicate the validity of his conviction. Judge Gerald Rosen of our Court has held that "the Sixth Circuit has recognized, in an unpublished opinion, that a challenge to a criminal investigation that leads to a conviction necessarily challenges the validity of the conviction, and thus falls within the rulings in Heck. Bell v. Raby, No. 99-72917, 2000 WL 356354, at *7 (E.D. Mich. Feb. 28, 2000) (Rosen, J.)  In the case at hand, Plaintiff is challenging the conduct of the Defendants in their criminal investigation of the murder of Plaintiff's mother. Plaintiff asserts that such conduct and investigation lead to his conviction. Thus, Plaintiff's Section 1983 action falls within the confines of Heck, which therefore serves as a bar to Plaintiff's action because Plaintiff has not successfully challenged his conviction.

**III.   CONCLUSION**

For the reasons stated above, this Court shall grant the Defendant's Motion to Dismiss. Accordingly,

IT IS ORDERED that Defendants' Motion to Dismiss is granted.

IT IS FURTHER ORDERED that Plaintiff's Section 1983 claims (Counts 4, 5, and 6 of Plaintiff's Complaint) are dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiff's state-law claims are also

dismissed without prejudice, as the Court has dismissed Plaintiff's constitutional claims and will consequently not exercise jurisdiction over Plaintiff's state-law tort claims.

      \_\_\_\_\_s/Bernard A. Friedman\_\_\_
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated:  February 16,  2006
       Detroit, Michigan

**I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.**

**_____/s/ Patricia Foster Hommel_____
Patricia Foster Hommel
Secretary to Chief Judge Friedman**